## Clearkin, Appellant, *v.* Taheny.

*Equity—Partnership—Bill for accounting and dissolution.*

In a suit in equity for the dissolution of a partnership a decree vesting the partnership property absolutely in one partner was proper where it appeared that the other partner had no further interest in the assets and was fully protected by the decree against all claims of any unpaid creditors.

Argued Jan. 24, 1917.  Appeal, No. 331, Jan. T., 1916, by plaintiff, from decree of C. P. No. 3, Philadelphia Co., Dec. T., 1912, No. 5505, on bill in equity for the dissolution of a partnership in case of Patrick Clearkin v. Dominick Taheny.  Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.  Affirmed.

Bill in equity for the dissolution of partnership and for an accounting.  Before FERGUSON, J.

The pertinent facts as found by James Alcorn, Esq., referee, appear in the following decree:

And now, Oct. 11, 1916, this cause having been fully heard upon bill and answer, account filed and evidence taken before a referee, and the exceptions to the report of the referee filed therein having been argued by counsel before the court in banc and by the court dismissed, it is ordered, adjudged and decreed as follows:

That arising out of the transactions complained of in the said bill, after the allowance of all proper items of charge and credit, there remained in the hands of the defendant a balance of $8,189.84, in accordance with the following statement:

### ASSETS.

| | | |
|---|---:|---:|
| Cash, .........................$ | 115.83 | |
| Mortgage secured on 3414 G. street, | 450.00 | |
| Value of improved properties (clear of encumbrance) at Nos. 3418 - 22-24-26-28-30-34-40-42-44-46-48 G. street, .............. | 31,200.00 | |
| Value of improved properties (clear of encumbrance) at Nos. 3413-33-35 Reach street,.. ..... | 6,000.00 | |
| Value of unimproved ground (clear of encumbrances) at S. W. cor. G. & Tioga Sts., ....... | 5,500.00 | |
| | | 43,265.83 |

### LIABILITIES.

| | |
|---|---:|
| Bond and mortgage secured on properties Nos. 3418-22-24-26-28-30-34-38-40-42-44-46-48 G. street, | 20,800.00 |
| Bond and mortgage secured on properties Nos. 3413-33-35 Reach street, ..................... | 4,800.00 |

| | | |
|---|---|---|
| Bond and mortgage secured on unimproved ground Tioga and G. streets, ..................... | 5,000.00 | |
| Deposit received on 3444 G. street, | 50.00 | |
| Accrued items, minus prepaid items, due unsecured creditors,. | 499.65 | |
| Loss on operation, ............. | 926.34 | |
| | | 35,075.99 |
| | | $8,189.84 |

That, the complainant having contributed to the partnership, as capital, the sum of $3,500, and having made advances to the partnership in the sum of $422.35, a total of $3,922.35, and, the defendant having contributed to the partnership in the sum of $6,500, and, having made advances to the partnership in the sum of $5,-761.94, a total of $12,261.94, and, the plaintiff having already received on account of his capital contribution and advances the sum of $4,331.38, an amount largely in excess of the share or proportion to which the plaintiff is entitled on account of his capital contribution and advances, and, the defendant having only received on account of his capital contribution and advances the sum of $1,500, the balance remaining in the hands of the defendant is awarded to the defendant in payment of his, the defendant's capital contribution and advances to the copartnership, and that he, the defendant, shall hold and own the same, whether consisting of real, personal or mixed property, absolutely and in fee simple freed and discharged of and from any trust for or by reason of matters, things or transactions set forth or complained of in the bill of complaint, subject nevertheless to the payment of any and all debts and obligations arising and being for or by reason of the matters, things or transactions set forth or complained of in the bill of complaint, as itemized and set out in the account filed, and that the defendant be and he is hereby discharged from all further payments whatsoever to the complainant on

account thereof and from all liability further to account to the complainant for or by reason of any of the matters, things or transaction set forth or complained of in complainant's bill of complaint.

And it is further ordered, adjudged and decreed that the defendant shall file his bond in this proceeding in the sum of $20,000, with security and in form to be approved by the court, conditioned to keep and save harmless the plaintiff of and from the claims, suits, actions and demands of any and all unpaid creditors, obligees, mortgagees or other claimants howsoever, for or by reason of any debt, obligation, mortgage encumbrance, or other claim whatsoever, arising and being for or by reason of the matters, things or transactions set forth or complained of in the bill of complaint and itemized and set forth in the account filed.

And it appearing that the continuance of the partnership relationship will not create a further profit or balance for distribution that the partnership be and is hereby dissolved.

The defendant shall pay all costs in this proceeding.

Plaintiff appealed.

*Error assigned,* inter alia, was the decree of the court.

*M. F. Wescott,* of *Wescott, Wescott & McManus,* for appellant.

*Daniel J. Shern,* for appellee.

PER CURIAM, February 26, 1917:

By the decree of the court below the appellant is fully protected against all claims, suits, actions and demands of the unpaid creditors of the partnership. Under the facts properly found by the learned referee he has no further interest in the assets of the same, and the proper decree was that the ownership and title to the properties involved should be vested absolutely in the appellee.

Decree affirmed and appeal dismissed at appellant's costs.